UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| BROCK FAY FISH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 0:21-cv-060-JMH |
| V. | ) | |
| | ) | |
| DAVID LeMASTER, Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Brock Fay Fish is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")–Ashland in Ashland, Kentucky. Proceeding without an attorney, Fish has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence and has paid the $5.00 filing fee. [DE 1, 4].

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Because

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

this Court does not have subject-matter jurisdiction over Fish's § 2241 petition, his petition will be dismissed.

I.

In July 2013, Fish was charged in an indictment issued by a grand jury in the United States District Court for the District of North Dakota with one count of conspiracy with intent to distribute and distribution of controlled substances resulting in serious bodily injury or death in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); two counts of possession of controlled substance with intent to distribute and distribution resulting in death in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (Counts Two and Three); and three counts of possession of a controlled substance with intent to distribute within a school zone in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (Counts Four, Five, and Six). *United States v. Brock Fay Fish*, No. 1:13-cr-129-DLH-1 (D. N.D. 2013) at DE 9. [2]

In June 2014, Fish and the United States entered into a Plea Agreement, pursuant to which Fish agreed to plead guilty to a one-count Information charging him with conspiracy to possess with

---

[2] The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

2

intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. For its part, the United States agreed to move to dismiss the Indictment at sentencing. *Id.* at DE 285, 305. Pursuant to this Plea Agreement, Fish pled guilty to Count One of the Information in a July 10, 2014 hearing. *Id.* at DE 307. In September 2015, Fish was sentenced to a term of imprisonment of 240 months on Count One of the Information. *Id.* at DE 543.

In September 2016, Fish filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Id.* at DE 574. One of the grounds for Fish's § 2255 motion was that the "sentence enhancement for the bodily harm/death factor was inappropriately applied [because] the autopsy results/medical examinations do not conclusively show that the victims had not used other drugs which could have also lead to their death/bodily harm." *Id.* at p. 10.[3] While Fish did not refer to a particular case by name, he argued that "[t]he U.S. Supreme Court has recently held that if the death of an individual was not caused expressly from the drug(s) for which the defendant distributed or is being charged for, then the

---

[3] The "sentence enhancement" to which Fish referred was the calculation of his Base Offense Level of 38 under U.S.S.G. § 2D1.1(a)(2), which provides for a Base Offense Level of 38 if death or serious bodily injury resulted from the use of the substance that is unlawfully manufactured, distributed, or dispensed as part of the underlying offense. U.S.S.G. § 2D1.1(a)(2).

enhancement for death/bodily harm cannot be applied." *Id*. In his reply to the Government's response to his motion, Fish specifically invoked *Burrage v. United States*, 571 U.S. 204 (2014), arguing that there was no proof that the methamphetamine distributed by the individuals involved in Fish's conspiracy was the sole cause of the death of the two victims who had taken the drugs. *Id*. at DE 593 at p. 16-17, 19-21.[4]

In September 2017, the District Court denied Fish's § 2255 motion. With respect to Fish's argument that the sentence enhancement for bodily harm/death was inappropriately applied, the Court found that, in his Plea Agreement, Fish acknowledged that the methamphetamine that he sold as part of the conspiracy resulted in serious bodily injury to two individuals and, at the change of plea hearing, Fish further agreed that both victims ultimately died. *Id*. at DE 605 at p. 14-15. Thus, the Court concluded that "Fish's argument that the Government did not prove the drugs he sold injured anyone is clearly contradicted by his own repeated admissions to the contrary." *Id*. at p. 15.

---

[4] In *Burrage*, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at 218-19.

While the District Court declined to issue a Certificate of Appealability, *id*., the Eighth Circuit granted Fish's application on his claim that he received ineffective assistance of counsel "when counsel advised him to plead guilty with a stipulation to a base offense level of 38 under the United States Sentencing Guidelines, despite the possibility that USSG § 2D1.1(a)(2) was not applicable in light of *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), and the possibility that Fish would not have pleaded guilty but for the advice." *Fish v. United States*, No. 17-3167 (8th Cir. March 15, 2018 Order). The Eighth Circuit's Order also granted the parties permission to "address whether this claim as properly raised in the district court in [Fish's postconviction proceeding]." *Id*. However, after briefing and oral argument, the Eighth Circuit affirmed the District Court's denial of Fish's § 2255 motion, finding that Fish forfeited the certified issue for appeal by failing to include it in his § 2255 motion. *Fish v. United States*, No. 17-3167 (8th Cir. Jan. 15, 2019 Opinion).

In October 2019, Fish filed a second or successive motion to vacate under 28 U.S.C. § 2255 in the District Court, seeking to pursue an ineffective assistance of appellate counsel claim related to his appeal of the denial of his first § 2255 motion. *United States v. Brock Fay Fish*, No. 1:13-cr-129-DLH-1 (D. N.D. 2013) at DE 630. However, the Court dismissed Fish's motion because

it was filed without first obtaining authorization from the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h). *Id.* at DE 633. Fish sought to appeal, but the Eighth Circuit denied his application for a certificate of appealability. *Id*. at DE 640.

Fish has now filed a § 2241 petition in this Court, arguing that his sentence is invalid in light of the United States Supreme Court's decision in *Burrage*. Specifically, Fish argues that, in light of *Burrage*, he is "actually innocent" of the sentencing enhancement he received under U.S.S.G. § 2D1.1(a)(2) because the Government did not prove that the methamphetamine distributed by the individuals involved in Fish's conspiracy was the "but for" cause of the death of the two victims who had taken the drugs. [DE 1; DE 1-1]. He also argues that his counsel was ineffective for failing to raise his *Burrage* claim and advising him to plead guilty under the § 2D1.1(a)(2) enhancement. [DE 1-1]. He seeks to bring his claims in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

However, the Court must dismiss Fish's § 2241 petition for lack of subject-matter jurisdiction because Fish cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

**II.**

6

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). For this reason, a petition for a writ of habeas corpus filed pursuant to § 2241 must be filed in the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated).

In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion

7

and a § 2241 petition). A motion to vacate, set aside, or correct a sentence pursuant to § 2255 is filed in the sentencing court, "which . . . possess[es] greater knowledge (and records) of the case." *Taylor*, 990 F.3d at 495.

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012),

8

or establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Fish relies upon the Supreme Court's decision in *Burrage*, which more narrowly interpreted 21 U.S.C. § 841(b)(1) to require the jury to find that drugs distributed by the defendant were the "but for" cause of a victim's death. *See Burrage*, 571 U.S. at 218-19. Fish is correct that, in *Harrington v. Ormond*, 900 F. 3d 246 (6th Cir. 2018), the Sixth Circuit held that a petitioner

9

may raise a *Burrage* claim in a § 2241 petition. *Id*. at 249. However, the hurdle that Fish is unable to clear that would allow him to proceed in his § 2241 petition via the savings clause is the timing of *Burrage*.

*Burrage* was issued on January 27, 2014, *see Burrage*, 571 U.S. 204, six months before Fish entered into his Plea Agreement in June 2014; seven months before Fish pled guilty in July 2014; over a year and nine months before Fish was sentenced in September 2015; and over two years and nine months before Fish filed his initial motion to vacate under § 2255 in September 2016. Thus, *Burrage* does not satisfy *Wooten*'s requirement that the petitioner must rely on a Supreme Court decision issued *after* the petitioner's conviction became final. *Wooten*, 677 F.3d at 307-08.

For this reason, Fish cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he had ample time and opportunity to raise a *Burrage* claim prior to sentencing or in his initial motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. That he attempted but failed to do so in his § 2255 motion does not render a motion under § 2255 "inadequate or ineffective" to permit him to raise his claim in a § 2241 petition filed pursuant to the "savings clause" of § 2255(e). *Copeland*, 36 F. App'x at 795.

10

Nor may he proceed with his claim that his counsel was ineffective for failing to raise a *Burrage* claim prior to sentencing, on appeal, and/or in his initial § 2255 petition. An ineffective assistance of counsel claim (which is a Sixth Amendment claim) is a constitutional claim of ordinary trial error which could be, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. *See Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241).

Fish's *Burrage* claim was previously available to him and he has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal . . . , or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Thus, because Fish cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he may not raise his *Burrage* claim in a § 2241 petition via the savings clause of § 2255(e). *Id*. at 706.

Because Fish fails to establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

11

(1) Fish's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DISMISSED** for lack of subject-matter jurisdiction.

(2) This action is **STRICKEN** from the Court's docket.

(3) A corresponding judgment will be entered this date.

This the 27th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge